IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL CHARLES BLACK,      Civil Action No. 2:19-cv-8
ADMINISTRATOR OF THE ESTATE OF
DAVID S. BLACK a/k/a DAVID BLACK,

       Plaintiff,

v.

COUNTY OF ALLEGHENY and
JOHN/JANE DOE 1 - 6,

       Defendants.

## AMENDED COMPLAINT

And now comes Plaintiff, Daniel Charles Black, Administrator of the Estate of David S. Black a/k/a David Black, by and through his counsel, Pribanic & Pribanic, LLC and Charles A. Frankovic, Esq. who files the following Amended Complaint, demands trial by jury and avers the following:

1. Plaintiff, Daniel Charles Black (hereinafter Daniel Black or Plaintiff) is an adult individual resident of Allegheny County, Pennsylvania.

2. The Plaintiff is the Administrator of the Estate of David S. Black also known as David Black pursuant to letters of administration pendent lite issued on June 28, 2018 by the Allegheny County, Pennsylvania, Department of Court Records Wills/Orphans Court Division.

3. Plaintiff's decedent is David S. Black a/k/a David Black.

4. At the time of his death, David S. Black was 53 years old and resided in McKees Rocks, Allegheny County, Commonwealth of Pennsylvania.

5. Defendant, Allegheny County, is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania.

6. Defendant, Allegheny County, owns and/or operates a prison that shall be designated as the Allegheny County Jail.

7. Defendant, John/Jane Doe 1 – 6, are upon information and belief correction officers who are agents and/or employees of Defendant Allegheny County who conduct video surveillance and/or work at the "officer's desk" located near cell IP 3 of the Allegheny County Jail.

8. At all relevant times Defendants John/Jane Doe 1 - 6 acted under color of state law and in accordance with the policies, customs, and practices of the Allegheny County Jail.

9. John/Jane Doe 1 – 6 are sued in their individual capacities.

10. Defendants, Allegheny County and John/Jane Doe 1 – 6 are collectively referenced to as the "jail defendants," unless otherwise stated.

11. The Defendant's decedent died on April 10, 2017 while he was a pre-trial detainee at the Allegheny County Jail.

12. Prior to and at the time that Mr. Black was held as a pre-trial detainee at the Allegheny County Jail, Allegheny County had experienced a significant increase in accidental overdose deaths related to the use of opioids, including, but not limited to, fentanyl.

13. Upon information and belief, agents, including, but not limited to, correctional officers at the Allegheny County Jail were aware of this "opioid epidemic" at the time Mr. Black was held as a pretrial detainee.

14. Plaintiff brings this suit on behalf of the Estate and on behalf of all other persons who are entitled to recover damages under state and federal law for

violation of the decedent's right to due process of law under the Fourteenth Amendment of the United States Constitution.

15.     The Plaintiff also brings this action on his behalf and on behalf of all persons who are entitled to recover damages under Pennsylvania law for the wrongful death of David S. Black pursuant to the provisions of 42 Pa. C.S.A. §8301, as well as to recover damages on behalf of the Estate of David S. Black pursuant to the provisions of 42 Pa. C.S.A. §8302.

16.     No other person has filed an action to recover damages for the wrongful death of David S. Black, nor has any other person commenced an action to recover damages for the death of David S. Black on behalf of his estate.

17.     The following persons are or may be entitled by law to recover damages for the wrongful death of David S. Black:

        a. Daniel Black – Brother
           c/o Pribanic & Pribanic, LLC,

        b. Vicki Hamilton – ½ Sister
           Madison, PA

        c. James Bell – Brother
           North Huntingdon, PA

18.     Upon information and belief, David Black was arrested in Allegheny County on April 9, 2017 for an outstanding bench warrant.

19.     Mr. Black was subsequently taken to the Allegheny County Jail and was confined on April 9, 2017.

20.     On April 9, 2017 intake personnel of the Allegheny County Jail noted at 6:50 p.m. in its Intake Sallyport Medical Clearance Log that Mr. Black, among other things, was going to withdraw and was detoxing.

21. In the comment section of the Intake Sallyport Medical Clearance Log, it was also noted that Mr. Black was undergoing "heroin detox" and had hip surgery (3/17).

22. At the time of his April 9, 2017 commitment, the jail defendants knew or should have known that David Black had been previously incarcerated and/or committed at the Allegheny County Jail with symptomology, including opioid withdrawal and had a history of daily drug use.

23. At 12:40 a.m. on March 10, 2017, an Offender Management System Booking Observation Report was reportedly completed for David Black.

24. The Booking Observation responses to questions indicated that Mr. Black had a serious medical condition, which may require attention and that he was currently taking a prescription medication that may need continuation.

25. The Booking Observation Report also stated that Mr. Black had an institutional history of alerts, and that the booking officer felt that the arrestee should be referred to a supervisor for review.

26. At 2:00 a.m. on April 10, 2017, Mr. Black's vital signs were reportedly taken.

27. Subsequently, Mr. Black was reportedly discovered trying to urinate on a soda machine located in the processing unit area of the Allegheny County Jail.

28. In response to this inappropriate behavior, Mr. Black was placed in cell IP3 at approximately 4:16 a.m.

29. This cell was subsequently locked.

30. Mr. Black was reportedly assessed by Karen Warman, LSW at approximately 4:46 a.m. who concluded that he was not suicidal, not self-injurious, not

demonstrating psychotic behavior, and did not need admission to an acute mental health unit.

33. Mr. Black's health condition was also reportedly assessed by Nicole Dailey, RN at approximately 4:50 a.m. on April 10, 2017, and other than noting that Mr. Black used crutches for recent right hip surgery, cleared him for segregation at 4:52 a.m.

32. At all relevant times herein, cell IP3 was the subject of video surveillance conducted by agents of the Allegheny County Jail.

33. Despite exhibiting the inappropriate behavior described above, having a history of opioid use, and stating that he was detoxing from heroin, Mr. Black was not physically monitored and there is no documentation of "wellness checks" or "guard tours" performed after he was assessed by Nurse Dailey.

34. Video surveillance indicates that at approximately 5:08 a.m. on April 10, 2017, Mr. Black fell from a bench located within cell IP3 and landed on the floor – his muscles becoming tense and it was apparent that he was in medical distress.

35. Between the time of the above described fall and the time of eventual ACJ intervention, numerous inmates walked by cell IP3, looking into the cell and, subsequently, presenting themselves to unknown correctional officers at what is believed to be the "guard desk" located near cell IP3.

36. Despite cell IP3 being the subject of video surveillance and despite Mr. Black being in obvious medical distress, there was a 16 minute delay from the time of the fall until approximately 5:23 a.m. when a corrections officer checked on Mr. Black at the request of an inmate.

37. After attempts were made to resuscitate Mr. Black, he was pronounced dead at 6:05 a.m. on April 10, 2017.

## COUNT I

## VIOLATION OF RIGHTS UNDER FOURTEENTH AMENDMENT

### Daniel Charles Black, Administrator of the Estate of David S. Black a/k/a David Black v. County of Allegheny and John/Jane Doe 1 - 6

Plaintiff, Daniel Charles Black, Administrator of the Estate of David S. Black a/k/a David Black incorporates paragraphs 1 – 37 hereinabove and further avers that:

38. Upon arrival at the Allegheny County Jail on April 9, 2017, Mr. Black exhibited symptoms of drug abuse, withdrawal from opioids, chronic drug dependency, and detoxing from opioids that were objectively manifest to the police, correctional officers, and nurses employed at the jail, all of whom were agents, servants or employees of Defendant Allegheny County or a combination thereof, and all of whom were acting under color of state law and within the scope and course of their employment.

39. Mr. Black fit the profile of a detainee who was chronically dependent upon opioids and/or was detoxing from opioids.

40. The jail defendants knew or should have known that Mr. Black fit the profile of a detainee who was detoxing from opioids, was dependent upon opioids and/or was particularly vulnerable to overdose, but nonetheless failed to protect Mr. Black from this condition.

41. Despite the knowledge of Mr. Black's detoxification status, dependence upon opioids and vulnerability to overdose, prison officers failed to follow-up or monitor Mr. Black's condition after he was examined by Nurse Dailey while he was in cell IP3.

42. Furthermore, the jail defendants failed to follow-up, monitor, and timely respond or alert others to Mr. Black's medical condition after he fell off of the bench in cell IP3 and was lying on the floor in obvious medical distress.

43. An approximate 16 minute delay occurred before jail personnel were notified by an inmate concerning Mr. Black's obvious medical distress and need for emergent medical assistance.

44. Notwithstanding the objective symptoms articulated in the paragraphs hereinabove, the jail defendants failed to monitor and/or failed to document monitoring Mr. Black while he was in cell IP3 in a manner that was warranted under the circumstances or in conformity with the policy (if any) for personal observation of detained persons who were exhibiting signs of drug withdrawal and/or were vulnerable to drug overdose.

45. Furthermore, the jail defendants failed to timely respond to Mr. Black when it was manifestly apparent that he was in medical distress that was warranted under the circumstances or in conformity with the policy, if any, for those in obvious medical distress and were exhibiting signs of drug withdrawal and/or were vulnerable to drug overdose.

46. Reasonably trained prison supervisors were aware of their responsibilities to train prison personnel to adequately monitor those who were susceptible to drug overdose so that they may timely intervene to reverse the effects of possible overdose.

47. Pennsylvania law recognizes a duty on the part of the police and other law enforcement officials to protect a person from harm where circumstances exist that establish a personal relationship between the police and the person harmed.

48. The jail defendants knew or should have known that Mr. Black (1) was withdrawing (or about to withdrawal) from opioids, (2) exhibited signs of withdrawal (including, but not limited to, agitation and laying prone on the jail floor for an extended period of time), and (3) was particularly vulnerable to overdosing while in their custody.

49. In light of such knowledge, the jail defendants voluntarily assumed to protect Mr. Black from harming himself when they placed him into their custody and were under a separate duty to monitor and protect Mr. Black from harm after he was placed in cell IP3.

50. The jail defendants breached the duty they owed to Mr. Black when they:

   a. Failed to provide in person surveillance after being assessed by Nurse Dailey;

   b. Failed to document in person surveillance for the time he was placed in holding cell IP3;

   c. Failed to timely respond to a medical emergency when Mr. Black fell from the bench in cell IP3 and was lying prone on the cell floor;

   d. Failed to timely respond to a medical emergency when alerted by inmates;

   e. Failed to adequately conduct video surveillance;

   f. Failed to have concurrent personal monitoring of video surveillance while Mr. Black was in cell IP3;

   g. Failed to timely respond to a medical emergency when video depicted Mr. Black falling to the floor from a bench in cell IP3 and lying prone on the floor in obvious medical distress;

   h. Failed to conduct wellness checks for the time period after being placed in cell IP3; and

   i. Failed to timely respond to Mr. Black who was in obvious medical distress while in cell IP3.

51. The misfeasance and/or malfeasance, as described above was the direct and proximate cause of Mr. Black's death and/or significantly increased the risk of Mr. Black's death.

52. As a result, Mr. Black experienced pain and suffering from the time he suffered the effects of the overdose until the time of his death, as well as lost earnings calculated from the date of death.

53. As a result those entitled beneficiaries of the Estate of David Black, suffered loss of value of all services, assistance, comfort, companionship, and society of David Black, cost of funeral and burial expenses and administration expenses.

54. Upon information and belief, prior to April 10, 2017, the jail defendants did not train (or adequately train) those persons working within or assigned to the Allegheny County Jail who had custody and control over detainees to identify potential drug overdose among such detainees.

55. Upon information and belief, prior to April 10, 2017, the jail defendants did not train (or adequately train) those persons working within or assigned to the Allegheny County Jail who had custody and control over detainees to prevent injury from overdosing among such.

56. The failure of the jail defendants to train those persons working within the Allegheny County Jail, as described hereinabove, was in deliberate or reckless indifference to the rights of detainees and their serious medical and/or psychological needs of those among them who abused drugs and who were potentially at risk of injury from drug overdose.

57. The jail defendants deliberate or reckless indifference to the rights of such detainees, including, but not limited to, Mr. Black, and the serious medical and psychological needs thereof, represents a policy or custom of Defendant Allegheny County, under which the County actively or tacitly acquiesces in the constitutional and statutory deprivations of which the Plaintiff complains herein.

58. The jail defendants failure to timely respond to Mr. Black when he was in obvious medical distress represents a deliberate or reckless indifference to the right of such detainees, including, but not limited to, Mr. Black, and the serious medical and

psychological needs thereof, represents a policy or custom of Defendant, Allegheny County, under which the county actively or tacitly acquiesces in the constitutional and statutory deprivation of which the Plaintiffs complains herein.

59. The jail defendants caused David Black to suffer deprivations of his rights under State and Federal Law by policies that either commanded such deprivations to occur or by their acquiescence in a long-standing practice or custom that constitutes a de facto standard operating procedure of Defendant Allegheny County.

60. Upon information and belief, those persons who, under Pennsylvania and Federal law, were policymakers for Allegheny County had contemporaneous knowledge of the events leading up to the death of David Black or knowledge of a prior pattern of similar incidents.

61. Upon information and belief, those persons who, under Pennsylvania law, were policymakers for Allegheny County had knowledge of a prior pattern of events similar to those leading to the death of David Black, deliberately or recklessly chose not to provide opioid overdose prevention training to those persons working within or assigned to the Allegheny County Jail, or acquiesced in a long-standing practice or custom of providing no such training or program by which detainees could be adequately screened for potential overdose symptomology.

62. The affirmative or acquiesced election by the jail defendants, to take no measure to prevent overdosing by detainees, such as David Black, caused those persons employed within the Allegheny County Jail who had custody and control over such detainees to neglect the serious medical or psychological needs of David Black.

## COUNT II

### VIOLATION OF RIGHTS UNDER FOURTEENTH AMENDMENT

### Daniel Charles Black, Administrator of the Estate of David S. Black a/k/a David Black v. John/Jane Doe 1 - 3

Plaintiff, Daniel Charles Black, Administrator of the Estate of David S. Black a/k/a David Black incorporates paragraphs 1 – 62 hereinabove and further avers that:

63. Defendants John/Jane Doe 1 – 3 are, upon information and belief, correctional officers and/or agents of Allegheny County who conducted video surveillance of Mr. Black while he was in cell IP3.

64. Defendants John/Jane Doe 1 – 3 were deliberately indifferent to Mr. Black's health and safety by failing to timely alert jail personnel when it was apparent on video that Mr. Black was in obvious medical distress while lying on the floor in cell IP3.

## COUNT III

### VIOLATION OF RIGHTS UNDER FOURTEENTH AMENDMENT

### Daniel Charles Black, Administrator of the Estate of David S. Black a/k/a David Black v. John/Jane Doe 4 - 6

Plaintiff, Daniel Charles Black, Administrator of the Estate of David S. Black a/k/a David Black incorporates paragraphs 1 – 64 hereinabove and further avers that:

65. Defendants John/Jane Doe 4 – 6 are, upon information and belief, correctional officers of Allegheny County Jail and/or agents of Allegheny County who were present at the "guards desk" located near cell IP3 when Mr. Black was confined in the cell.

66. Defendants John/Jane Doe 4 – 6 were deliberately indifferent to Mr. Black's health and safety by failing to timely check on Mr. Black when various inmates

alerted them at the guards desk that Mr. Black was in medical distress and/or lying prone on the cell floor.

WHEREFORE, Plaintiff, Daniel Black, demands trial by jury and prays that this Honorable Court enter judgment in his favor for compensatory damages and attorney fees, as well as punitive damages against the individual defendants, for an amount greater than the arbitration limits of Allegheny County together will all taxable interest and costs allowed under Pennsylvania law.

Respectfully submitted,

/s/ Charles A. Frankovic
Charles A. Frankovic
Pa. I.D. No.: 66033

Pribanic & Pribanic, LLC
513 Court Place
Pittsburgh, PA 15219
(412) 281-8844

DANIEL CHARLES BLACK, ADMINISTRATOR OF THE ESTATE OF DAVID S. BLACK a/k/a DAVID BLACK V. COUNTY OF ALLEGHENY; John/Jane Doe 1-6

Certificate of Merit as to County of Allegheny; John/Jane Doe 1-6

Civil Action No.: 2:19-cv-8

I, Charles A. Frankovic, Esq., certify that:

✓ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

✓ the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

_____ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant.

OR

✓ claims are raised under both subdivisions 1042.3 (a)(1) and 1042.3(a)(2);

Date: 3/18/19

_____
Charles A. Frankovic

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **AMENDED COMPLAINT** was served on the ____ day of March, 2019 to the following by electronic mail and first class United States mail, postage prepaid:

John A. Bacharach
Allegheny County Assistant Solicitor
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
john.bacharach@alleghenycounty.us

Lee Dellecker, Esq.
Allegheny County Law Department
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
*lee.dellecker@alleghenycounty.us*
Pittsburgh, PA 15219

_____
Charles A. Frankovic